IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| PHAEDRA NEWSOME,<br><br>    Plaintiff,<br><br>v.<br><br>FAMILY DOLLAR STORES OF GEORGIA, LLC, d/b/a FAMILY DOLLAR,<br><br>    Defendant. | CASE NO. 7:22-cv-77<br><br>**Removed from the Superior Court of Brooks County, Georgia**<br>**Civil Action No. 21CV00248** |

**NOTICE OF REMOVAL**

COMES NOW, Family Dollar Stores of Georgia, LLC, d/b/a Family Dollar ("Defendant"), does hereby give notice of the removal of the above-captioned case from the Superior Court of Brooks County, to the United States District Court for the Middle District of Georgia, Valdosta Division in accordance with 28 U.S.C. §§ 1332, 1441, 1446, and 1447. Pursuant to 28 U.S.C. § 1446(d) and this Court's Local Rules, copies of this Notice of Removal are being served on Plaintiff and is being filed in the Superior Court of Brooks County, State of Georgia.

**INTRODUCTION**

1.

On or about November 15, 2021, a Complaint and summons were served on Defendant. The civil action entitled *Phaedra Newsome v. Family Dollar Stores of Georgia, LLC, d/b/a Family Dollar*, was commenced in the Superior Court of Brooks County, State of Georgia, and assigned Civil Action File No. 21CV00248 ("State Court Action"). (A copy of the Complaint, as

well as all other materials contained within the underlying State Court file are attached hereto as Exhibit "A").

2.

The State Court Action concerns a negligence claim alleged by Plaintiff against Defendant that resulted in injuries to Plaintiff. Plaintiff alleged that she slipped and fell on a substance in Defendant's store on August 12, 2020. Plaintiff further alleged that she has suffered serious bodily injury and has incurred medical expenses for treatment of her injuries.

**BASIS FOR REMOVAL**

I. **Removal is Proper Because This Court Has Subject Matter Jurisdiction Pursuant to 28 U.S.C. §§ 1332 and 1441(b).**

3.

Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this action because it is between citizens of different states, and the amount in controversy is greater than $75,000, exclusive of interests and costs. Therefore, this action could have originally been filed in this Court and is now properly removed to this Court.

4.

Plaintiff Phaedra Newsome is a citizen of the State of Georgia. Generally, "[a]n individual's citizenship, within the meaning of the diversity statute, is determined by his domicile[.]" *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53 (2d Cir. 2019).

5.

Defendant, Family Dollar Stores of Georgia, LLC, is a limited liability company organized and existing under the laws of the Commonwealth of Virginia. For purposes of diversity of citizenship, a "limited liability company is a citizen of any state of which a member of the company is a citizen." Thermoset Corp. v. Bld. Materials Corp. of Am., 849 F.3d 1313,

1316 (11th Circ. 2017). Family Dollar Stores of Georgia, LLC has one sole member: Family Dollar Stores, Inc., which was organized as a corporation under the law of Delaware and has its principal place of business in Virginia. See Exhibit "B."

6.

Accordingly, there is complete diversity between Plaintiff and Defendant in this case, and this Court has subject matter jurisdiction under 28 U.S.C. § 1332.

7.

To determine the amount in controversy, courts look first to the plaintiff's state court petition. The "party invoking the jurisdiction of the federal court has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Scherer v. The Equitable Life Assurance Soc'y of the United States*, 347 F.3d 394, 398 (2d Cir. 2003). There is a rebuttable presumption that the face of the complaint is a good-faith representation of the "actual amount in controversy," and "[t]o overcome the face-of-the-complaint presumption, the party opposing jurisdiction must show to a legal certainty that the amount recoverable does not meet the jurisdictional threshold." Id.

8.

While Plaintiffs' Complaint does not expressly seek a money judgment against the Defendant for a stated sum of money damages, it alleges "Plaintiff has incurred medical expenses for treatment of her injuries." Compl. ¶ 12. The evidence that the Court can rely on is not limited in applying the preponderance of the evidence standard, and a defendant may use "their own affidavits, declarations, or other documentation – provided of course that removal is procedurally proper." Pretka v. Kolter City Plaza, II, Inc., 608 F. 3d 744, 755 (11th Cir. 2010). Plaintiff sent Defendant a demand packet on July 7, 2022, alleging that she has incurred one

hundred forty-seven thousand six hundred fifty dollars and eighty-nine cents ($147,650.89) in total medical expenses bringing the amount in controversy well over the statutory requirement of seventy-five thousand dollars ($75,000.00). See Exhibit "C." Accordingly, this Notice of Removal is timely filed. *See* 28 U.S.C. § 1446(b)(3) ("Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").

9.

This action is being removed "to the district court of the United States for the district and division embracing the place where such action is pending," pursuant to 28 U.S.C. § 1441(a). The United District Court for the Middle District of Georgia embraces Brooks County, Georgia.

10.

Additionally, Plaintiff and Defendant are subject to personal jurisdiction in Georgia. As set forth above, Plaintiff is a citizen of the State of Georgia. Defendant is authorized and does transact business within the State of Georgia.

11.

No previous application has been made for the removal requested herein.

**Preservation of Rights and Defenses**

12.

All rights are reserved, including, but not limited to, defenses and objections as to venue and personal jurisdiction and the right to move for dismissal of the Complaint for, e.g., failure to

state a claim for relief and failure to sue the appropriate parties. Defendant intends no admission of law, fact, or liability by this Notice and expressly reserve all defenses, motions, and/or pleas.

13.

Defendant also reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, all the requirements of 28 U.S.C. §§ 1332, 1441, 1446, and 1447 have been satisfied. Notice is hereby given that, for the reasons stated herein, this Court has jurisdiction over this action, and this action is removed from the Superior Court of Brooks County, State of Georgia, to the United States District Court for the Middle District of Georgia, Savannah Division.

Respectfully submitted this 1st day of August, 2022.

**CARR ALLISON**

**By:** /s/ Sean W. Martin_____
**SEAN MARTIN (GA BPR No. 474125)**
*Attorney for Defendant*
736 Market Street, Suite 1320
Chattanooga, TN 37402
(423) 648-9834 / (423) 648-9869 FAX
swmartin@carrallison.com
ishepherd@carrallison.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 1, 2022 I electronically filed a NOTICE OF REMOVAL with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

    Jody D. Peterman
    Dillon P. Hanson
    JODY D. PETERMAN, LLC
    P.O. Box 6010
    Valdosta, Georgia 31603-6010

**By:** /s/ Sean W. Martin_____
**SEAN MARTIN (GA BPR No. 474125)**